1

## UNITED STATES DISTRICT COURT

2

## DISTRICT OF NEVADA

3

4     Yanrong Wu,                                          2:15-cv-00435-JAD-NJK

5              Plaintiff                          **Order Staying Case Due to Pending**
                                                              **Bankruptcy**
6     v.

7     Desert Palace, Inc., et al.,

8              Defendants

9          Plaintiff Yanrong Wu brings this lawsuit against Desert Palace, Inc. alleging that her

10   employer discriminated and retaliated against her in violation of Title VII, the Americans with

11   Disabilities Act, and the Rehabilitation Act.[1]  A summons was issued for Desert Palace on March

12   11, 2015,[2] but there is no evidence in the record that Desert Palace was served with process.  So

13   on July 14, 2015, the court sent Wu a notice that this action would be "dismissed without

14   prejudice" unless she filed proof of service on the defendants by August 13, 2015, or showed

15   good cause why service was not timely completed.[3]  Wu timely responded that she could not

16   effectuate service because Desert Palace had filed a voluntary petition under Chapter 11 of the

17   Bankruptcy Code on January 15, 2015.[4]

18         Wu has shown good cause why she did not timely serve the summons and

19   complaint—Desert Palace's pending bankruptcy case.  "In order to protect the estate from being

20   depleted by creditors' lawsuits and seizures of property and provide the debtor breathing room to

21   reorganize, 11 U.S.C. § 362(a) imposes an automatic stay" upon the filing of a bankruptcy

22   petition.[5]  To accomplish these goals, § 362 automatically prohibits:

23   _____

24   [1] ECF 1.

25   [2] ECF 3.

26   [3] ECF 6.

27   [4] ECF 7.

28

[5] *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 874–75 (9th Cir. 2011) (citing *White v. City of Santee*, 186 B.R. 700, 704 (Bankr. App. 9th Cir. 1995)).

(1) commencing or continuing actions against the debtor that began or could have begun before the bankruptcy was filed, or to recover a pre-petition claim against the debtor; and (2) "any act to obtain possession of property of the estate or of property from the estate or to exercise control over the property of the estate."[6]

The automatic stay prohibited Wu from serving Desert Palace with a copy of the summons and complaint within the time allowed under FRCP 4(m).  Exercising its discretion, the court now stays this action under 11 U.S.C. § 362 pending further order from the bankruptcy court.

Accordingly, IT IS HEREBY ORDERED that this action is **STAYED** pending further order from the bankruptcy court.  IT IS FURTHER ORDERED that Wu must file a status report by **Tuesday, July 19, 2016**, informing the court of the status of Desert Palace's bankruptcy case.

Dated: January 19, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[6] *Id.* at 875 (quoting 11 U.S.C. § 362(a)(1) & (3)).